UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
                                                            :
SECURITIES AND EXCHANGE                  :
COMMISSION,                                        :
                                                            :
                        Plaintiff,                     :
                                                            :                    CV 04-3754 (LEW)
              -against-                                :
                                                            :
KIMBERLY J. CARRELLA, VINCENT    :
M. CARRELLA, JAMES R. MANCUSO,  :
KEVIN J. BARTON, PHILIP J.               :
HOURICAN, NOEL J. BELMONTE and :
JOHN C. KAWAS, JR.,                          :
                                                            :
                        Defendants.                  :
_____:

## ANSWER OF DEFENDANT KIMBERLY CARRELLA TO THE COMPLAINT OF THE SECURITIES AND EXCHANGE COMMISSION

        Defendant Kimberly J. Carrella, ("Ms. Carrella") by her undersigned attorney,

answers the Complaint of Plaintiff Securities and Exchange Commission as follows:

        1.        Denies the allegations in Paragraph 1 insofar as they purport to relate to

Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth

of the remainder of the allegations contained in Paragraph 1.

        2.        Denies the allegations in Paragraph 2 insofar as they purport to relate to

Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth

of the remainder of the allegations contained in Paragraph 2.

        3.        Admits that Ms. Carrella was President of Kimberly Securities, except for

a period of time in late 2000 through early 2001; admits that she was married to Co-

Defendant Vincent Carrella ("Carrella"); denies the allegations insofar as they relate to

Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3.

4.    Admits that Mancuso, Barton, Hourican and Belmonte were brokers employed at various times at Kimberly Securities; admits that on occasion, Co-Defendant Belmonte would transfer accounts to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 4.

5.    Denies the allegations contained in Paragraph 5 insofar as they purport to relate to Ms. Carrella; admits that Kawas was Kimberly Securities' Compliance Officer; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 5.

6.    Denies the allegations contained in Paragraph 6 insofar as they relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 6.

7.    Denies the allegations contained in Paragraph 7 insofar as they relate to Ms. Carrella.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     Denies the allegations contained in Paragraph 14 insofar as they relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 14.

15.     Admits that this court has jurisdiction over this matter.

16.     Admits that venue lies in this District.

17.     Denies the allegations contained in Paragraph 17 insofar as they relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17.

18.     Admits that Ms. Carrella, now age 29, was President, Secretary and Treasurer of Kimberly Securities, except for a brief period at the end of 2000 and early 2001; admits that Ms. Carrella worked as a broker at Kimberly Securities.

19.     Admits that Vincent Carrella was Ms. Carrella's husband during the period of time in question; admits, based on information and belief, that Vincent Carrella was subject of the referenced regulatory action; admits that Vincent Carrella engaged in running some of Kimberly Securities' operations; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 19.

20.    Admits that Mancuso was a broker at Kimberly Securities from January 2000 until August 2002.

21.    Admits that Barton worked as a trainee, and later as a broker at Kimberly Securities from May 2001 until August 2002.

22.    Admits that Hourican worked as a broker at Kimberly Securities from November 1999 to July 2002, and from April 2001 until August 2002.

23.    Admits that Belmonte worked as a broker at Kimberly Securities from March 2000 until November 2000, from March 2001 until August 2001, and from February 2002 until August 2002.

24.    Admits that Kawas served as the Compliance Officer at Kimberly Securities from July 2001 until March 2002.

25.    Admits that Kimberly Securities was a broker-dealer formerly located in Huntington, New York; admits that Kimberly Securities employed approximately ten brokers and serviced approximately 600 to 800 retail accounts; admits that Kimberly Securities is no longer in business.

26.    Admits that Kimberly Securities' business model was to service aggressive investors interested in short-term trading; denies the balance of the allegations in Paragraph 26.

27.    Admits that Ms. Carrella and others called individuals to solicit them to open brokerage accounts at Kimberly Securities.

28.    Denies the allegations in Paragraph 28 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 28.

29.     Denies the allegations in Paragraph 29 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 29.

30.     Denies the allegations in Paragraph 30 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 30.

31.     Denies the allegations in Paragraph 31 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 31.

32.     Denies the allegations in Paragraph 32 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 32.

33.     Denies the allegations in Paragraph 33 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 33.

34.     Denies the allegations in Paragraph 34 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 34.

35.     Denies the allegations in Paragraph 35 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 35.

36.     Denies the allegations in Paragraph 36 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 36.

37.     Denies the allegations in Paragraph 37 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 37.

38.     Denies the allegations in Paragraph 38 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 38.

39.     Denies the allegations in Paragraph 39 insofar as they purport to relate to Ms. Carrella.

40.     Denies the allegations in Paragraph 40 insofar as they purport to relate to Ms. Carrella.

41.     Denies the allegations in Paragraph 41 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 42.

43.     Denies the allegations in Paragraph 43 insofar as they purport to relate to Ms. Carrella.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 44.

45.     Denies the allegations in Paragraph 45 insofar as they purport to relate to Ms. Carrella.

46.     Denies the allegations in Paragraph 46 insofar as they purport to relate to Ms. Carrella.

47.     Denies the allegations in Paragraph 47 insofar as they purport to relate to Ms. Carrella.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 48.

49.     Denies the allegations in Paragraph 49 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 49.

50.     Denies the allegations in Paragraph 50 insofar as they purports to relate to Ms. Carrella.

51.     Denies the allegations in Paragraph 51 insofar as they purport to relate to Ms. Carrella.

52.     Denies the allegations in Paragraph 52 insofar as they purport to relate to Ms. Carrella.

53.     Denies the allegations in Paragraph 53 insofar as they purport to relate to Ms. Carrella.

54.     Admits the allegations in Paragraph 54 with regards to the frequency of trading referenced; denies that the trades were unauthorized.

55.     Admits that the customer referenced in Paragraph 55 requested that his stock holdings be liquidated and his account closed; denies that the customer gave such instructions as a result of hearing about the trades referenced in Paragraph 54.

56.     Denies the allegations in Paragraph 56 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 56.

57.     Denies the allegations in Paragraph 57 insofar as they purport to relate to Ms. Carrella.

58.     Denies the allegations in Paragraph 58 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 58.

59.     Denies the allegations in Paragraph 59 insofar as they purport to relate to Ms. Carrella.

60.     Denies the allegations in Paragraph 60 insofar as they purport to relate to Ms. Carrella.

61.     Denies the allegations in Paragraph 61 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 61.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 62.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 63.

64. Admits the allegations in Paragraph 64, except accounts were transferred to what is referred to as a "joint number."

65. Admits the allegations in Paragraph 65.

66. Admits the allegations in Paragraph 66, except to state that Belmonte occasionally reviewed Kimberly Carrella's customer book, not "regularly."

67. Admits the allegations in Paragraph 67.

68. Admits that Belmonte left Kimberly Securities in August 2001 and went to work at another brokerage firm; admits that Belmonte later returned to Kimberly Securities in February 2002; denies the allegations in Paragraph 68 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 68.

69. Denies the allegations in Paragraph 69 insofar as they purport to relate to Ms. Carrella.

70. Denies the allegations in Paragraph 70 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Admits that Vincent Carrella was involved with managing Kimberly Securities' operations, except when he was barred by the NASD, from before November 20, 2001, until after February 19, 2003; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 125.

126.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127.

128.    Admits the allegations in Paragraph 128.

129.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129.

130.   Admits the allegations in Paragraph 130.

131.   Admits the allegations in Paragraph 131, except denies, etc. with regard to the quote in this Paragraph.

132.   Admits that Kawas served as Compliance Officer for Kimberly Securities; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132.

.   133.   Denies the allegations in Paragraph 133 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 133.

134.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.

135.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135.

136.   Admits that Kawas received a salary from Kimberly Securities; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 136.

137.   Ms. Carrella repeats and realleges her responses to the paragraphs referenced in Paragraph 137.

138.   Denies the allegations in Paragraph 138 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 138.

139.     Denies the allegations in Paragraph 139 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 139.

140.     Denies the allegations in Paragraph 140 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 140.

141.     Denies the allegations in Paragraph 141 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 141.

142.     Denies the allegations in Paragraph 142 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 142.

143.     Ms. Carrella repeats and realleges her responses to the paragraphs referenced in Paragraph 143.

144.     Denies the allegations in Paragraph 144 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 144.

145.     Denies the allegations in Paragraph 145 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 145.

146.     Denies the allegations in Paragraph 146 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 146.

147.   Denies the allegations in Paragraph 147 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 147.

148.   Denies the allegations in Paragraph 148 insofar as they purport to relate to Ms. Carrella; denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 148.

## ADDITIONAL DEFENSES

### First Defense

The Complaint fails to state a claim against Ms. Carrella upon which relief may be granted.

### Second Defense

Plaintiff has failed to plead their claims against Ms. Carrella with particularity.

### Third Defense

Ms. Carrella is not liable because she did not create any misrepresentation on which individuals referenced in the Complaint relied, did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business which operates or would operate as a fraud or deceit on any person.

### Fourth Defense

Ms. Carrella is not liable because she did not make any false or misleading statements of material fact, and is not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

**Fifth Defense**

Ms. Carrella is not liable because she did not act with scienter.

**Sixth Defense**

Ms. Carrella acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

**Seventh Defense**

Ms. Carrella is not liable because she did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omission of material fact were made by any Co-Defendant.

**Eighth Defense**

Ms. Carrella is not liable because any alleged misrepresentations or omission for which Ms. Carrella was allegedly responsible were not material.

**Ninth Defense**

Ms. Carrella is not liable because the individuals referenced in the Complaint had actual or constructive knowledge of the misrepresentations or omissions complained of, and those individuals therefore assumed the risk of any alleged damages proximately caused thereby.

**Tenth Defense**

The conduct of persons and/or entities other than Ms. Carrella was a superseding or intervening cause of any damage, loss, or injury sustained by the individuals referenced in the Complaint.

### Eleventh Defense

Ms. Carrella is not liable under Section 20(a) of the 1934 Act for any alleged misconduct by any other person.

### Twelfth Defense

Claims against Ms. Carrella are barred to the extent that no cause of action for conspiracy to commit securities fraud is recognized under federal law.

### Thirteenth Defense

Ms. Carrella can not be held liable as a control person under Section 20(a) of the Exchange Act because at all times she acted in good faith, had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of any control person is said to exist, and did not directly induce any act or acts constituting a violation of the Securities Act of 1933. Plaintiff's claims are barred in whole or in part because Plaintiff can not establish the primary liability necessary to assert a claim for control person liability.

### Fourteenth Defense

Ms. Carrella maintained and enforced a reasonable and proper system of supervision and control to prevent, insofar as possible, violations of existing rules and laws.

### Fifteenth Defense

Ms. Carrella is not liable because the individuals referenced in the Complaint consented, approved, acquiesced in and/or ratified some or all of the actions alleged in the Compliant.

**Sixteenth Defense**

Plaintiff's claims against Ms. Carrella is barred in whole or in part by the applicable statutes of limitations.

**Seventeenth Defense**

Ms. Carrella acted in good faith and did not culpably participate nor directly or indirectly induce the act or acts constituting the alleged and causes of action.

**Eighteenth Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff can not establish the primary liability necessary to assert a claim for control person liability.

**Nineteenth Defense**

To the extent Plaintiff purports to request injunctive relief, any such claim is barred by the doctrine of laches.

**Twentieth Defense**

Ms. Carrella expressly reserves the right to amend and/or supplement their answer, defenses and all other pleadings.

**Twenty-First Defense**

Ms. Carrella has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore reserves the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

**Twenty-Second Defense**

To the extent Plaintiff purports to request injunctive relief, any such claim is barred because Plaintiff has an adequate remedy at law.

Dated:  New York, New York
        October 20, 2004

                                           Respectfully Submitted,

                                          _____

                                          John T. McGuire, Esq. (JM-7443)
                                          Attorney for Defendant Kimberly Carrella
                                          JOHN T. MCGUIRE & ASSOCIATES, P.C
                                          67 Wall Street, Suite 2001
                                          New York, NY 10005
                                          (212) 425-6562